IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| MARIANNE SHANTILLO, M.D., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-11-0550 |
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Marianne Shantillo, M.D., sued Aramark Healthcare Support Services, LLC ("Aramark Healthcare"), other Aramark entities, and John Does No. 1 and No. 2 for negligence. For the following reasons, Shantillo's motion to remand will be granted.

I. Background

Shantillo, a Maryland citizen, is a doctor at the University of Maryland Hospital in Baltimore ("the Hospital"). Compl. ¶ 1. On January 29, 2008, she "slipped and slammed to the floor on her back" while walking in the Hospital at about 2:45 a.m. *Id.* ¶ 7. The slip was caused by "a large quantity of liquid, most likely soapy water or some other . . . cleaning fluid" that was left on the floor by two Aramark workers, "John Doe No. 1" and "John Doe No. 2." *Id.* ¶¶ 7-8.

On January 25, 2011, Shantillo sued John Doe No. 1, John Doe No. 2, Aramark Healthcare and other Aramark entities in the Circuit Court for Baltimore City for negligence and *respondeat superior*.[1] ECF No. 2. On February 28, 2011, Aramark Healthcare removed the action to this Court. ECF No. 1. On March 23, 2011, Shantillo moved to remand. ECF No. 9.

II. Analysis

    A. Removal Under 28 U.S.C. § 1441 (a)

Under 28 U.S.C. § 1441 (a), "any civil action brought in a State court of which the district courts of the United States

---

[1] Those entities, who were served on February 10, 2011, are: Aramark Corporation; Aramark Aviation Services, LP; Aramark Business Facilities, LLC; Aramark Campus, Inc.; Aramark Campus, LLC; Aramark Capital Asset Services, LLC; Aramark Clinical Technology Services, Inc.; Aramark Clinical Technology Services, LLC; Aramark Correctional Services, Inc.; Aramark Correctional Services, LLC; Aramark Educational Group, Inc.; Aramark Educational Resources, Inc.; Aramark Educational Services, Inc.; Aramark Educational Services, LLC; Aramark Entertainment, Inc.; Aramark EVS, LLC; Aramark Executive Management Services USA, Inc.; Aramark Facility Services, Inc.; Aramark Facility Services, LLC; Aramark FHC, LLC; Aramark FHC Sports and Entertainment Services, LLC; Aramark Food Service Corp.; Aramark Health Care Support Services, Inc.; Aramark Leisure Services, Inc.; Aramark Services Group, Inc.; Aramark Magazine & Book Services, Inc.; Aramark Management, LLC; Aramark Management Services, LP; Aramark Maryland News, LLC; Aramark Refreshment Services, Inc.,; Aramark Refreshment Services, LLC; Aramark Schools Facilities, LLC; Aramark Services, Inc.; Aramark Services Management of MD, Inc.; Aramark SM Management Services, Inc.; Aramark Sports, Inc.; Aramark Sports, LLC; Aramark Sports and Entertainment Group, LLC; Aramark Sports and Entertainment Services, LLC; Aramark Sports Facilities, LLC; Aramark Uniform & Career Apparel, Inc.; Aramark Uniform & Career Apparel, LLC; Aramark Uniform Services, Inc.; and Aramark Venue Services, Inc. *See* Pl.'s Mot., Ex. 6.

have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading. 28 U.S.C. § 1446 (a)-(b). The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. V. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.*

B. Shantillo's Motion to Remand

Shantillo argues that the case must be remanded because (1) there is incomplete diversity as the John Doe defendants and three of the Aramark entities are Maryland citizens, and (2) (2) Aramark Healthcare removed without first obtaining the consent of all other defendants, thereby violating the "rule of unanimity." ECF No. 9.

1. Complete Diversity

a. The John Doe Defendants

"For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (a). Consistent with this, "the citizenship of

'John Doe' defendants [is] disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441 (a) and 1332." *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006).[2] Accordingly, Shantillo's allegations that John Does No. 1 and No. 2—who have not been served—are citizens of Maryland does not affect the propriety of removal.

b. Citizenship of the Aramark Entities

Shantillo argues that there is incomplete diversity because Defendants Aramark Maryland News, LLC, Aramark Facilities Services, Inc., and Aramark Service Management of Maryland, Inc., are citizens of Maryland. Pl.'s Mot. 6. Aramark Healthcare contends that joinder of these entities was fraudulent because they are inactive. Def.'s Opp'n 3-4.

The doctrine of fraudulent joinder allows a federal court to "disregard, for jurisdiction purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). As the party asserting fraudulent joinder, Aramark Healthcare has the burden to "demonstrate either 'outright fraud in the plaintiff's pleading' or that 'there is *no possibility*

---

[2] *See also Abraham v. Cracker Barrel Old Country Store, Inc.*, 2011 WL 1790168, at *5 (E.D. Va. May 9, 2011)("The citizenship of John Doe and XYZ Corporation can likewise be ignored, because 'the citizenship of defendants sued under fictitious names shall be disregarded' for the purposes of removal.").

that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in the original).

In Maryland, after a corporation "has become effectively dissolved in any mode known to the law, its power to sue or be sued . . . in its corporate name is extinguished." *Parkside Terrace Apartments, Inc. v. Linder*, 252 Md. 271, 273, 249 A.2d 717 (1969). "The power [to sue or be sued] is not extinguished, however, unless there ha[s] been an effectual legal dissolution." *Baltimore Luggage Co. v. Holtzman*, 80 Md. App. 282, 562 A.2d 1286, 1295 (Md. Ct. Spec. App. 1989).

Aramark Healthcare has presented Maryland Department of Assessments and Taxation ("MDAT") records which show that Aramark Services Management of MD, Inc., Aramark Maryland News, LLC, and Aramark Facility Services, Inc. have been dissolved and are no longer legal entities. *See* Def.'s Opp'n Ex. 1. The Court may consider those records in ruling on Shantillo's motion to remand.[3] The records show that there is "no possibility" that

---

[3] Aramark Healthcare has presented printouts of MDAT's website showing the status of the Maryland entities. The printouts contain information from the "Maryland Department of Assessments and Taxation Taxpayer Services Division," and the Court has verified this information by visiting the MDAT webpage on August 12, 2011. *See Williams v. Long*, 585 F. Supp. 2d 679, 688 (D.

Shantillo may maintain suit against these non-diverse Aramark defendants, and they are not a basis for remand.[4]

    2.    Rule of Unanimity

Shantillo argues that even if there is complete diversity, the removal was procedurally defective because Aramark Healthcare did not obtain the consent of the other defendants who had been served. Pl.'s Mot. 7. Aramark Healthcare contends that the rule of unanimity does not apply because the other defendants are "nominal," and their consent is not needed. Def.'s Opp'n 4-5.

Under the rule of unanimity, when more than one defendant is named in the complaint, all the defendants who have been served "must join in removal." *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Gee v. Lucky Realty Homes, Inc.*, 201 F. Supp. 2d 732, 736 (D. Md. 2002). An exception is made for "nominal or formal" parties, who are ignored when

---

Md. 2008)(printed webpage from Maryland Judiciary Case Search website was self-authenticating online "official publication" issued by public authority under Fed. R. Evid. 902 (1),(5); Maryland judiciary was branch of state government, URL identified that results were from that website, and page stated "Maryland Judiciary Case Search Results").

[4] *Compare Linder*, 252 Md. at 273 (suit may not be maintained under Maryland law against corporation that has dissolved) *with Storr Office Supply Div. v. Radar*, 832 F. Supp. 154, 157 (E.D.N.C. 1993)(inactive corporations were not fraudulently joined because under North Carolina law, "[e]ven after dissolution, a corporation remains subject to legal proceedings in its corporate name").

determining the procedural validity of the removal. *See, e.g., Creed v. Virginia*, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009).

The Fourth Circuit has not defined "nominal parties" under the rule of unanimity; other circuits have defined them as parties (1) against which the plaintiff has no possibility of establishing a cause of action in state court,[5] (2) against which "there is no reasonable basis for predicting that it will be held liable,"[6] or (3) "against whom no real relief is sought."[7] District courts within this circuit have focused on "whether, looking at the facts of the case as they appear at the preliminary stage of a petition for removal, the party in question is in some manner genuinely adverse to the plaintiff." *Creed*, 596 F. Supp. 2d at 935.

Aramark Healthcare contends that it is the only Aramark entity genuinely adverse to Shantillo because the other Defendants "had nothing to do with [the Hospital] or maintenance there, or the alleged accident at issue . . . as the contract between [the Hospital] and [Aramark Healthcare] makes obvious." Def.'s Opp'n at 5. However, Aramark Healthcare has not provided the Court with this contract. It has merely provided emails

---

[5] *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation*, 925 F.2d 866, 871 (5th Cir. 1991).

[6] *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993).

[7] *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002).

7

between its attorney and counsel for Shantillo, which state that "the 1997 and 2008 agreements between ARAMARK Healthcare" and the Hospital are attached, and opine that the contracts show that "Aramark Healthcare . . . is the proper party." Def.'s Opp'n , Exs. B & C.

The party seeking removal has the burden of proving that non-consenting defendants are merely nominal. *Creed*, 596 F. Supp. 2d at 935 (*citing Blue Mako, Inc. v. Minidis*, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2007)). Aramark Healthcare's unsupported assertion that it is the only party in interest is insufficient to carry this burden.[8] Further, Shantillo has produced a certificate of liability insurance, held by the Hospital, reflecting commercial general liability policies held by Defendant Aramark Corporation, which was served but has not consented to the removal. Pl.'s Reply, Ex. 1. This certificate provides some basis to infer that other Aramark entities involved with the Hospital may have liability for Shantillo's injuries. That possibility requires the remand.[9]

---

[8] *See Wells Fargo Bank, Nat'l Ass'n v. Charlotte Overlook Apartments, LLC,* 2011 WL 2224470, at *3 (W.D.N.C. Apr. 21, 2011) (removing defendants did not carry burden of showing that non-consenting defendants were nominal by making only "cursory arguments" that would "involve contractual interpretation under North Carolina law").

[9] The Hospital's possession of a certificate of liability insurance from Aramark Corporation suggests that it may have hired Aramark Corporation to provide cleaning and maintenance

8

III. Conclusion

For the reasons stated above, the case will be remanded to the Circuit Court for Baltimore City.

Date 8/15/11

William D. Quarles, Jr.
United States District Judge

---

services as alleged in Shantillo's complaint. Accordingly, it is possible that Aramark Corporation could be liable for its employees' negligence at the Hospital under a *respondeat superior* theory. *See Drug Fair of Md., Inc. v. Smith*, 263 Md. 341, 283 A.2d 392 (1971); *Mulcahney v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)(doubts concerning the propriety of removal are resolved in favor of remand).

9